IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRIS HAYMOND,                )
                              )
          Plaintiff,          )    Case No. 05-69-KI
                              )
     vs.                      )    OPINION AND ORDER
                              )
COMMISSIONER of Social Security, )
                              )
          Defendant.          )

Tim Wilborn
Wilborn & Associates, P.C.
2020-C S.W. 8th Avenue, PMB #294
West Linn, Oreogn  97068

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

>Leisa A. Wolf
>Michael McGaughran
>Social Security Administration
>Office of the General Counsel
>701 Fifth Avenue, Suite 2900
>M/S 901
>Seattle, Washington  98104
>
>>Attorneys for Defendant

KING, Judge:

I previously entered a Judgment reversing the decision of the Commissioner and remanding this case for a finding of disability.  Before the court is plaintiff's Application for Fees, Costs, and Expenses pursuant to the Equal Access to Justice Act (#24).

## DISCUSSION

Plaintiff seeks an award for 55.45 hours at the hourly inflation adjusted rate of $158.00, plus limited costs and expenses.

The Commissioner's only objection to plaintiff's request is that the 55.45 hour total is unreasonable for what the Commissioner characterizes as a routine disability case.  The Commissioner suggests that I reduce the number of proposed hours to 45 hours.

The Equal Access to Justice Act allows for an award of reasonable attorney fees to the prevailing party if the position of the United States is not substantially justified.  28 U.S.C. §§ 2412(d)(1) and (d)(2)(A).  The Commissioner concedes that her position was not substantially justified.

Although 55.45 hours falls at the high end of the spectrum, see Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (listing many cases making awards in the 25 to 45

hour range), I do not see any wasted time in my review of the attorney's time sheets. Multiple issues were raised concerning the ALJ's decision. Plaintiff's briefs were very helpful to the court. I conclude that the time spent was reasonable.

## CONCLUSION

Plaintiff's Application for Fees, Costs, and Expenses pursuant to the Equal Access to Justice Act (#24) is granted in the amount of $8,761.10 in attorney fees plus $16.53 in expenses plus $184.00 in costs.

IT IS SO ORDERED.

Dated this ＿＿14th＿＿ day of July, 2006.

          /s/ Garr M. King
          Garr M. King
          United States District Judge